UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. | ) | |
| | ) | |
| MATTHEW A. PEQUIGNOT, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | |
| v. | ) | Case No. 2:08-cv-0222-TJW |
| | ) | |
| THE GILLETTE COMPANY and | ) | |
| THE PROCTER & GAMBLE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## *QUI TAM* RELATOR MATTHEW PEQUIGNOT'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE STAY OF PROCEEDINGS

Defendants' motion to extend the stay of this case pending a decision by the Federal Circuit in *Stauffer v. Brooks Brothers, Inc.*, 2009-1428, -1430, -1453 (Fed. Cir.), should be denied. The issue raised in *Stauffer* is whether a non-competitor has standing to sue under the *qui tam* provision of 35 U.S.C. § 292, and is controlled by Supreme Court precedent. Moreover, this case cannot be stayed any time there is a new issue concerning Section 292 pending in the Federal Circuit. There are several other cases percolating through the courts, many of which may be appealed and all of which would have to be decided first under such an approach.

On September 16, 2009, this case was stayed pending a decision by the Federal Circuit in *Pequignot v. Solo Cup Co.*, No. 2009-1547 (Fed Cir.). On June 10, 2010, the Federal Circuit decided that appeal, holding that marking a product with an expired patent constitutes false marking under Section 292, but granting summary judgment to Solo Cup on the issue of intent to deceive the public. *Pequignot v. Solo Cup Co.*, 2010 WL 2346649 (Fed. Cir. June 10, 2010). Mr. Pequignot is filing a petition for rehearing *en banc* in the Federal Circuit today on the intent

to deceive issue. As argued in his petition, the panel's decision in *Solo Cup* adopted a new standard for the mental element of a claim under Section 292 that conflicts with two prior decisions of the Federal Circuit and recognizes a mistake of law defense that conflicts with a recent Supreme Court decision.

Mr. Pequignot, as communicated to defendants' counsel, would agree that the current stay should be extended through any resolution in the Federal Circuit of the petition for rehearing *en banc* in *Solo Cup*. In particular, *Solo Cup* decided issues that are pertinent to the present case and, if the Federal Circuit resolves the conflict between *Solo Cup* and the Federal Circuit's earlier decisions on the mental state required for a claim under Section 292, that could have a significant impact on this case. Extending the stay, however, through resolution of *Stauffer*, should be denied.

When determining whether to grant a motion for a stay, a court typically considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (denying a stay pending a patent reexamination proceeding).

The first two factors weigh strongly in favor of denying the Defendants' motion. Indeed, another district court in Texas very recently rejected a nearly-identical motion by a false marking defendant to stay proceedings pending the resolution of *Stauffer*. *See Patent Compliance Group, Inc. v. Interdesign, Inc.*, 3:10-cv-00404-P, (Dkt. Entry 22, order filed June 28, 2010), attached hereto as Exhibit A. The court noted that the district court decision in *Stauffer* was an outlier and that there was no reason for the plaintiff-relator to have to wait for the Federal Circuit's decision

in that case.  *Id.; see also HY Cite Corp. v. Regal Ware, Inc.*, 2010 WL 2079866 (W.D. Wis. May 19, 2010) (denying a motion for a stay pending the Federal Circuit's decisions in *Stauffer* and *Solo Cup*).

Mr. Pequignot would also be prejudiced by unnecessary delay.  There may be circumstances where deadlines have to be relaxed, or a case delayed for some reason, but waiting for *Stauffer* is not a good basis for putting the case on hold.  The Amended Complaint was served on the Defendants in September 2008, nearly two years ago.  Mr. Pequinot agreed to two significant stays pending the *Solo Cup* decisions in both the district court and Federal Circuit because he agreed with Defendants that the *Solo Cup* case raised important issues regarding liability for false markers under Section 292.  But that does not mean that the instant case should be halted every time a false marking case makes it way to the Federal Circuit.  As Defendants noted, there are over two hundred false marking cases currently pending in the district courts.  Mot. at 6.  These cases inevitably will produce district court decisions on new issues, and many of those decisions will inevitably be appealed to the Federal Circuit.  Mr. Pequignot's case should not have to trail behind every other false marking case as these issues are being decided and putting his case at the back of the line would be prejudicial.[1]

The second factor, whether a stay will simplify the issues in question, also counsels against a stay.  When considering this criterion, the court may consider the likely result of the other case.  *Sovereign Software*, 356 F. Supp. 2d at 662.  In this case, the standing issue raised by *Stauffer* is well-settled by the Supreme Court case *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000).  In *Vermont Agency*, the Supreme Court held

---

[1]  While an oral argument date has been set in *Stauffer* for August 3, 2010, there is no guarantee of when the Federal Circuit will issue an opinion.  Mr. Pequignot should not be subjected to an open-ended delay.

that a *qui tam* statute effects a partial assignment of the government's claim to a *qui tam* relator and, thus, the relator has standing under Article III. *Id.* at 774-78. *Stauffer* held that the false marking relator had not pled a cognizable injury because he had not alleged an injury in fact to the United States. *Stauffer*'s holding that a *qui tam* relator could not sue based on allegations in the complaint that the defendant violated Section 292 (*i.e.*, a sovereign injury to the United States, which is assigned to the relator) is completely contrary to Supreme Court precedent.

In denying a motion to dismiss a false marking case on standing grounds, a district court in Texas referred to *Stauffer* as "a departure from prior case law." *Patent Compliance Group* Order at 10, Exhibit A. Indeed, other courts considering the issue have had no trouble holding that a *qui tam* relator has standing under Section 292 to bring a case based on allegations that the defendant has violated Section 292. *See Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211, at *2-3 (N.D. Ill. June 17, 2010); *Juniper Networks v. Shipley*, 2010 WL 986809, at *6 (N.D. Cal. Mar. 17, 2010); *Pequignot v. Solo Cup Co.*, 640 F. Supp. 2d 714, 720-24 (E.D. Va. 2009); *Harrington v. CIBA Vision Corp.*, 3:08-cv-00251 (Text Order dated May 22, 2009 denying defendants' motion to dismiss on Article III grounds). Mr. Pequignot should not have to delay his case even further while the Federal Circuit considers an issue that is so settled.

Finally, Defendants say several times that Mr. Pequignot's counsel in the instant case represent another false marking relator who has agreed to a stay pending resolution of *Stauffer*. Mot. at 2, 4. That is true, but Mr. Pequignot has not agreed to the proposed extension of the stay. The fact that another party represented by the same lawyer did agree is not relevant to whether a stay is appropriate here, where the plaintiff has not agreed.

For the foregoing reasons, Defendants' motion for stay should be denied. The stay should be kept in place, or extended, through the resolution of the *en banc* process in *Solo Cup*.

- 5 -

Dated: July 6, 2010

Respectfully submitted,

/s/ Carl S. Kravitz (by permission Collin Maloney)
Carl S. Kravitz
Ellen D. Marcus
Jane M. Ricci
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)
*Lead Counsel for Qui Tam Relator Matthew A. Pequignot, admitted pro hac vice*

Otis W. Carroll
State Bar No. 03895700
Collin Maloney
State Bar No. 00794219
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600 (telephone)
(903) 581-1071 (facsimile)
Email: fedserv@icklaw.com

*Of Counsel for Qui Tam Relator Matthew A. Pequignot*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 6, 2010, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).


                                                                                      /s/ Collin Maloney
                                                                                      Collin Maloney